**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KERRY L. HUMPHRIES,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | 3:17-cv-00362-RCJ-VPC<br><br><br><u>**REPORT AND RECOMMENDATION**</u><br><u>**OF U.S. MAGISTRATE JUDGE**</u> |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for remand or reversal (ECF No. 15) and defendant's opposition and cross-motion to affirm (ECF Nos. 18, 20). Plaintiff did not file a reply. For the reasons set forth herein, the court recommends that plaintiff's motion be denied and defendant's cross-motion be granted.

    **I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

On October 3, 2013, Kerry L. Humphries ("plaintiff") protectively filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, and also filed an application for Supplemental Security Income ("SSI") disability payments under Title XVI of the act. She alleged a disability onset date of August 15, 2012. (Administrative Record ("AR") 228-31, 232-37.) The Social Security Administration denied plaintiff's application in the first instance on December 4, 2013, and upon reconsideration on December 9, 2013. (*Id.* at 136–39, 144–47.)

On October 27, 2014, plaintiff and her attorney appeared at a hearing before Administrative Law Judge ("ALJ") Ryan Johannes. (*Id.* at 51–87.) Jacklyn Benson Dehaan, a vocational expert ("VE"), also appeared. (*Id.*) The ALJ subsequently issued a written decision on November 10, 2015, therein finding that plaintiff was not disabled at any time between the

alleged onset date and the date of the decision. (*Id.* at 24–50.) Plaintiff appealed, and the Appeals Council denied review on June 15, 2016. (*Id.* at 1–7, 18–21.) Accordingly, the ALJ's decision became the final decision of the Commissioner ("defendant"). 42 U.S.C. §§ 405(g), 1383(c) (2012).

Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on June 9, 2017. (ECF No. 1.) In her motion for remand or reversal, plaintiff contends that the ALJ improperly rejected portions of Dr. Lewis's medical opinion. (ECF No. 15 at 6–9.)

## II.   STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSI benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is not onerous. It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). The ALJ's discussion must adequately explain the decision in light of such evidence. "The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically

discussing rejection of lay testimony). The district court's review is thus constrained to the reasons asserted by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Garrison*, 759 F.3d at 1010.

### III.   DISCUSSION

**A.   SSI claims are evaluated under a five-step sequential process.**

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSI. 20 C.F.R. § 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* § 416.920(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* § 416.920(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* § 416.920(c). The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments. *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* § 416.920(a)(4)(iii). The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in original). Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed

1  disabled. 20 C.F.R. § 416.920(d). However, for an impairment to match a listing, "it must meet
2  *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no
3  matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

4      If the Commissioner does not find disability at step three, review of the claim proceeds to
5  step four. There, the ALJ considers whether the claimant can perform past relevant work despite
6  the severe impairment. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. *Id*. §
7  416.920(e). The ALJ will find that the claimant can return to past relevant work if he or she can
8  perform the "actual functional demands and job duties of a particular past relevant job" or the
9  "functional demands and job duties of the [past] occupation as generally required by employers
10 throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)
11 (internal quotation omitted).

12     In resolving step four the ALJ considers the claimant's RFC and the physical and mental
13 demands of the work previously performed. 20 C.F.R. § 416.920(f); *see also Berry v. Astrue*, 622
14 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can do despite his or her
15 limitations. 20 C.F.R. § 416.945(a)(1). To determine the claimant's RFC, the ALJ must assess
16 all the evidence, including medical reports and descriptions by the claimant and others of the
17 claimant's relevant limitations. *See id*. § 416.945(a)(3). The ALJ is not, however, required to
18 accept as true every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*,
19 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must follow a two-prong inquiry where the claimant
20 alleges subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir.
21 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines
22 "whether the claimant has presented objective medical evidence of an underlying impairment
23 which could reasonably be expected to produce the pain or other symptoms alleged."
24 *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted). Second, if the first prong is met and
25 no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's
26 allegations only by articulating "clear and convincing" reasons for doing so. *Id*.

27     The "clear and convincing" standard is the most demanding standard in Social Security
28 case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the

testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must therefore cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 416.929(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001) (internal quotation and alterations omitted).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 416.960(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.960(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 416.966. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id.* § 416.920(g).

5

**B.     The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above. The ALJ first determined that plaintiff had not engaged in substantial gainful activity since April 15, 2012, the alleged onset date. (AR 29.)

At step two, the ALJ found that plaintiff suffered from the following severe impairment that significantly limited her ability to perform basic-work related functions: methamphetamine addiction, cyclothymic disorder, history of rheumatoid arthritis, history of discoid lupus, chronic joined and muscle pains and post-traumatic stress disorder. (*Id.*) The ALJ considered evidence of other complaints and diagnoses, including depression and insomnia, but found those to be non-severe. (*Id.* at 30.)

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (*Id.*) In particular, the ALJ considered plaintiff's mental impairments under the four broad functional areas set forth in section 12.00B of the listed impairments in Appendix 1. (*Id.* at 31.) Based on the opinions of examining and non-examining psychologists, plaintiff's reported daily activities and behavior, and plaintiff's treatment record, the ALJ found plaintiff to be mildly limited in activities of daily living, mildly limited in social functioning, moderately limited in concentration, persistence, or pace, and to have suffered no episodes of decompensation. (*Id.*) Thus, her medically determinable mental impairments were also nonsevere. (*Id.*) At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (*Id.* at 303.)

The ALJ proceeded to step four and made several findings. To begin, the ALJ concluded that plaintiff had the RFC to perform light work as defined under 20 C.F.R. §§ 404.1567(b) and 404.967(b), except that she could never crawl, climb ropes, ladders, or scaffolding, and could only occasionally stoop, kneel, crouch, climb stairs and ramps, and occasionally reach overhead above the shoulder with her left arm. (*Id.*) Additionally, the ALJ found that plaintiff could only have occasional exposure to moving mechanical parts and must avoid all exposure to industrial chemicals and unprotected heights. (*Id.*)

Next, the ALJ found that plaintiff's impairments could be expected to cause the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id*. at 33.) The ALJ cited several reasons as the basis for the adverse credibility finding, including a lack of support from the medical record, inconsistency with plaintiff's reported daily activities and prior statements, plaintiff's work history prior to and during the alleged period of disability, and the opinions of examining and reviewing medical professionals. (*Id.* at 33-41.)

Finally, based on the evidence in the record and the testimony of the VE, the ALJ concluded that plaintiff was capable of performing her past relevant work as a Package Sorter. (*Id.* at 41-43.) A claimant is deemed not disabled at step four if capable of performing past relevant work. 20 C.F.R. § 416.960(b)(3). The ALJ also noted that, even in proceeding to the step five analysis, the grids did not direct a finding of disability. (*Id.* at 16–17.) Relying on the testimony of a vocational expert, the ALJ then determined that plaintiff's age, education, work experience, and RFC would allow her to perform three representative occupations existing in significant numbers in the national economy: a bench assembler, a mail sorter, and a garment sorter. (*Id.* at 42-43.) Accordingly, the ALJ held that plaintiff was not disabled and denied her SSI and SSDI claim for benefits. (*Id.* at 43.)

**E.    The ALJ's error in rejecting portions of Dr. Lewis's opinion was harmless.**

Plaintiff contends that remand is appropriate because the ALJ improperly rejected a mental limitation identified by Dr. Richard Lewis Ph.D., a consultative examiner ("CE") who examined plaintiff in person on April 29, 2014. (AR 376-79.) In discussing the CE's opinion, the ALJ stated:

> Dr. Lewis found the claimant to possess sufficient attention, concentration, short-term recall and general intelligence to understand and remember simple one and two-step instructions and detailed level of instructions but she possesses few social skills relating to work and with interpersonal contact with coworkers, supervisors, and the public … Dr. Lewis'[sic] opinions are assigned significant weight. Dr. Lewis personally examined the claimant and the evidence received at the hearing level shows the claimant to require the limitations included in Dr. Lewis'[sic] April 2014 consultative examination report.… although the record showed improvement with medication.

7

1  (AR 40 (internal citations omitted).) While Dr. Lewis found plaintiff to be limited to "job
2  settings requiring little interpersonal contact in order to act reasonably appropriately with
3  supervisors, co-workers, and the general public," (*id.* at 378), the ALJ's RFC does not limit
4  plaintiff's interactions with supervisors. (*Id.* at 37.) Nor does the ALJ's discussion of Dr.
5  Lewis's functional assessment explain the ALJ's reasoning for this omission. (*See id.* at 40.)

6  Plaintiff argues that the ALJ's silence amounts to a tacit and improper rejection of Dr.
7  Lewis's opinion. (ECF No. 15 at 6.) Defendants counter that the ALJ properly weighed Dr.
8  Lewis's opinion and provided substantial evidence elsewhere in the decision to support his RFC
9  determination. (ECF No. 18 at 8-11.) Furthermore, defendants maintain that the ALJ was not
10 required to incorporate any particular restrictions into the RFC assessment. (*Id.* at 11 (citing
11 *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2013)).

12 Within the administrative record, an ALJ may encounter medical opinions from three
13 types of physicians: treating, examining, and non-examining. *Garrison*, 759 F.3d at 1012. As a
14 general matter, the greatest weight is given to a treating physician's opinion, while the opinion of
15 an examining provider receives more weight than that of a non-examining provider. *Id.* The ALJ
16 is not, however, bound by the conclusions of any particular physician. The ALJ may reject the
17 "the opinion of any physician, including a treating physician, if that opinion is brief, conclusory,
18 and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Moreover, the ALJ
19 does not err by failing to discuss each and every limitation a medical opinion suggests; only those
20 opinions, or aspects thereof, that are "significant" and "probative" require the ALJ's attention in
21 the disability determination. *See Hiler*, 687 F.3d at 1212.

22 When an opinion requires the ALJ's attention, several legal standards might apply to the
23 sufficiency of the ALJ's assessments and explanations. The ALJ must articulate "clear and
24 convincing" reasons for disregarding a treating or examining physician's uncontradicted opinion,
25 *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008), but he or she may
26 reject a contradicted opinion with specific and legitimate reasons that have the support of
27 substantial evidence, *Garrison*, 759 F.3d at 1012. An ALJ provides specific and legitimate
28

reasons by articulating a detailed and thorough summary of facts and conflicting medical evidence, stating an interpretation thereof, and making findings. *Id.* In supporting a decision to accept certain medical opinions over others, the ALJ may cite contradiction, inconsistency with the evidence, and consistency of the accepted opinions with the record as a whole. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

Even assuming that Dr. Lewis's proposed restriction on plaintiff's interactions with supervisors was significant and probative, the ALJ provided specific and legitimate reasons for omitting that restriction from plaintiff's RFC. In evaluating the medical evidence, and prior to discussing Dr. Lewis's opinion, the ALJ found plaintiff to be limited to "tasks that require only occasional interaction with the general public and co-workers." (AR 37.) Contrary to plaintiff's position that the ALJ only tacitly rejected Dr. Lewis's opinion without reason, the ALJ expressly rejected "any additional mental health limitations based on her good response to medications and … good mental status examinations." (*Id.*) To the extent that Dr. Lewis assessment of plaintiff's ability to interact with supervisors constitutes an "additional mental health limitation", the ALJ properly stated that such a limitation is inconsistent with the medical evidence. (*Id.*) Inconsistency with the medical evidence, including the ameliorating effects of medication and contrary mental status examinations, is a specific and legitimate reason supporting the ALJ's decision not to incorporate the entirety of Dr. Lewis's opinion into plaintiff's RFC. *Garrison*, 759 F.3d at 1012.

This decision is supported by substantial evidence because, as the ALJ points out, the medical records show that plaintiff had normal mental status examinations demonstrating calm and cooperative behavior and appropriate affect (AR 35, 413-14), intact judgment and insight

(AR 35, 428-39), and that doctors noted medication and counselling mitigated her symptoms (AR 34, 36-37, 432). Additionally, the ALJ also notes that plaintiff admitted to getting along with authority figures and employers "very well" and was never laid off for problems getting along with others. (AR 33, 286.) Thus, the ALJ did not err by failing to include a restriction on plaintiff's interactions with supervisors in his RFC determination and ultimate finding of no disability.

## IV.   CONCLUSION

For the foregoing reasons, the court recommends that plaintiff's motion for remand be denied and defendant's cross-motion to affirm be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 15) be **DENIED** and defendant's cross-motion to affirm (ECF Nos. 18, 20) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: June 7, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**